# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2019 ND 282

State of North Dakota, by and through the

Office of State Tax Commissioner,                    Plaintiff and Appellee

v.

Bradley Bosset,                              Defendant and Appellant

### No. 20190185

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Cynthia Feland, Judge.

AFFIRMED.

Per Curiam.

Charles L. Dendy and Donnita A. Wald, Special Assistant Attorney General, Office of State Tax Commissioner, Bismarck, ND, for plaintiff and appellee (on brief).

Bradley Bosset, self-represented, Mandan, ND, defendant and appellant (on brief).

**Per Curiam.**

[¶1]   Bradley Bosset appeals from a summary judgment in favor of the State Tax Commissioner, assessing Bosset state income tax for the years 2012 through 2016.  Bosset mentions but does not fully support a number of issues, including that the evidence does not support the determination he has a federal tax liability and therefore a state tax liability.  He further argues the district court erred by not using statutory definitions when they differ from common definitions; erred by failing to follow precedent and adhering to the constitutional avoidance doctrine; erred by not requiring strict proof of his liability; and erred by misstating his statement and thereby showed bias and prejudice.  He contends the State's failure to address issues he raised is evidence of acquiescence.

[¶2]   The essence of Bosset's argument is that North Dakota's income tax is unconstitutional and that the district court erred in granting summary judgment on the basis of the evidence submitted with the State's motion for summary judgment, which included the Certificate of the Tax Commissioner, affidavits from employees of the Office of State Tax Commissioner and supporting exhibits.  Under N.D.C.C. § 57-38-46, the Certificate of the Tax Commissioner constitutes "prima facie evidence that such tax has not been paid, that such return has not been filed, or that such information has not been supplied."  The State asserts the only material facts in an action arising from a non-filer tax assessment under N.D.C.C. §§ 57-38-39(7) and 57-38-45(6) are: 1) the Tax Commissioner found a person has an obligation to file a North Dakota income tax return and failed to do so; 2) the statutory notice to file was provided to the taxpayer; 3) the return was not filed within thirty days; 4) the Tax Commissioner assessed tax; and 5) the assessed tax has not been paid.

[¶3]   The summary judgment is supported by the record and North Dakota's income tax is constitutional.  We summarily affirm under N.D.R.App.P. 35.1(a)(1), (6) and (7); *see State v. Benson*, 376 N.W.2d 36, 40 n.6 (N.D. 1985) (citing *State v. Nichols*, 66 N.D. 355, 265 N.W. 859 (1935), and *Dorgan v.*

*Kouba*, 274 N.W.2d 167 (N.D. 1978), and reiterating holding "that North Dakota's income tax law, and particularly Section 57-38-31, N.D.C.C., was constitutional.").

[¶4]    Gerald W. VandeWalle, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Jon J. Jensen